IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WACHOVIA SMALL BUSINESS CAPITAL,) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | CIVIL ACTION NO. 2:05CV866 | |
| ) | (WO) | |
| MONTGOMERY BREAD COMPANY, ) | | |
| INC., MENDAL A. BOUKNIGHT AND ) | | |
| MARION D. CANTELOU, ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Motion to Dismiss or, in the Alternative, Motion to Transfer Venue, filed by Defendants Montgomery Bread Company, Inc.; Mendal A. Bouknight, and Marion D. Cantelou (collectively "the Defendants").

The Plaintiff filed a Complaint in this case on September 8, 2005.   The Plaintiff brings claims for breach of contract and breach of guaranty.

The Defendants contend that the court should dismiss this case because the Complaint fails to establish federal jurisdiction, or, alternatively, transfer this case to the Northern District of Georgia in the interests of justice and convenience to the parties and witnesses.

For reasons to be discussed, the Motion is due to be DENIED.

**II.  APPLICABLE STANDARDS**

**A.  MOTION TO DISMISS**

A Rule 12(b)(1)[1] motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack."  A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings.  Lawrence, 919 F.2d at 1529.  Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction.  Colonial Pipeline Co. v. Collins, 921 F.2d 1237, 1243 (11th Cir. 1991).

### B.  TRANSFER OF VENUE STANDARD

Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interest of justice.  "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court."  Hutchens v. Bill Heard Cheverolet Co., 928 F. Supp. 1089, 1090 (M.D. Ala. 1996); see also Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 654 (11th Cir. 1993), cert. denied, 513 U.S. 814 (1994).

### III.  FACTS

The facts as alleged in the Complaint which are relevant to the pending motions are as follows:

---

[1] The Motion to Dismiss has been filed pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure.  Because the Defendants allege, however, that the Complaint fails to establish federal jurisdiction, the court will construe the motion has a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

2

In 1998, Defendant Montgomery Bread Company, Inc. ("Montgomery Bread") closed on a loan in Montgomery, Alabama.  In connection with this transaction, Montgomery Bread executed a promissory note in favor of the Money Store Investment Corporation ("the note"). Montgomery Bread is a Georgia Corporation.

The note was personally guaranteed by Mendal Bouknight ("Bouknight") and Marion Cantelou ("Cantelou").  Bouknight is a citizen of the State of Georgia and Cantelou is a citizen of the State of Tennessee.

Wachovia Small Business Capital ("the Plaintiff") is currently the holder and owner of the note and guarantees.  The note is in default.

## IV.  DISCUSSION

The jurisdictional issue raised by the Defendants in the Motion to Dismiss is that the Complaint identifies the Plaintiff as a New Jersey Banking entity, but does not specify whether the Plaintiff is a corporation, or, if it is a corporation, its place of incorporation and principal place of business.

The Plaintiff responds with an affidavit to establish that it is a New Jersey corporation with its principal place of business in New Jersey.  See Affidavit of Thomas Arriaga.  The evidence provided clarifies the Plaintiff's corporate status, and establishes that there is complete diversity of the parties in this case.  Defective allegations of jurisdiction may be corrected through amendment.  See Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984); Alabama v. United States Army Corps of Engineers, 382 F. Supp. 2d 1301,

1316 (N.D. Ala. 2005). Therefore, based on the evidence provided, the court concludes that the

Motion to Dismiss for lack of jurisdiction is due to be DENIED.[2]

The alternative motion to transfer asks this court to transfer this case to the United States

District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) only applies in cases where the plaintiff's chosen venue is an appropriate

venue. There appears to be no dispute that venue is proper here. The action also only may be

transferred pursuant to § 1404(a) to a venue in which the action originally might have been

brought. See 28 U.S.C. § 1404 (a). The Plaintiff argues that the transferee district is not one in

which the action originally might have been brought because it has not been shown that Cantelou

would be subject to personal jurisdiction in Georgia.

A transferee district is not a forum where the action "might have been brought" if the

transferee court does not have personal jurisdiction over the defendant. Hoffman v. Blaski, 363

U.S. 335, 344, (1960); Moore v. McKibbon Bros., Inc., 41 F. Supp. 2d 1350, 1352 (N.D. Ga.

1998). Venue is proper where all the defendants are subject to personal jurisdiction. Johnston v.

Foster-Wheeler Constructors, Inc., 158 F.R.D. 496, 504 (M.D. Ala. 1994).

The Defendants have provided the affidavit of Cantelou in which he states that he is a

citizen of the State of Tennessee and a resident of Hamilton County, Tennessee. He also states

that he is the secretary of Montgomery Bread.

It is not at all clear that the Defendants' evidence is sufficient to establish that in

personam jurisdiction may be exercised over Cantelou in the proposed transferee court. Even

---

[2] There is apparently no dispute that the amount in controversy in this case exceeds
$75,000.

4

assuming that Cantelou's contacts as secretary of a Georgia corporation are sufficient so that jurisdiction may be exercised over him, however, this court still must decide whether the balance of convenience factors favors transfer.  Johnston v. Foster-Wheeler Constructors, Inc., 158 F.R.D. 496, 503 (M.D. Ala. 1994).

In evaluating a request for transfer of venue on the basis of convenience, courts generally consider the following factors: the plaintiff's choice of forum, the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the availability of compulsory process for witnesses, the location of relevant documents, the financial ability to bear the cost of the change, and trial efficiency. See Folkes v. Haley, 64 F. Supp. 2d 1152 (M.D. Ala. 1999); Tampa Bay Storm, Inc. v. Arena Football League, Inc., 932 F. Supp. 281, 282 (M.D. Fla. 1996).

Federal courts traditionally have accorded a plaintiff's choice of forum considerable deference.  See In re Ricoh Corp., 870 F.2d at 573; Hutchens v. Bill Heard Cheverolet Co., 928 F. Supp. 1089, 1090 (M.D. Ala. 1996).  As some courts have stated, the weight to be given the plaintiff's forum choice  is significant and "will not be disturbed unless the other factors weigh substantially in favor of transfer."  Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000)(citation omitted).  Even if the plaintiff does not reside in the chosen forum, courts afford weight to the plaintiff's chosen forum unless the forum is in no way connected with the subject matter of the lawsuit.  See Patel v. Howard Johnson Franchise Systems, Inc., 928 F. Supp. 1099, 1101 (M.D. Ala. 1996).

The Plaintiff in this case has presented evidence that the loan at issue was closed by Advantage Title Company in Montgomery, Alabama; that the loan was made by the Money

Store Investment Corporation in Montgomery; and that the collateral that secured the loan was turned over to the Atlanta Bread Company in Montgomery. <u>See</u> Affidavit of Thomas Arriaga. Accordingly, the court affords deference to the Plaintiff's selection of forum in this case, and the Defendants bear the burden of demonstrating that the suggested forum is more convenient. <u>In re Ricoh Corp.</u>, 870 F.2d 570, 572 (11th Cir. 1989).

The Defendants in this case have provided affidavits from Bouknight and Cantelou who have stated that the business which was started with the proceeds of the loan at issue in this case was turned over to another company, and that they have had no contact with the former business. They also state that it would be more convenient for them to litigate in the northern district of Georgia based on the distance of the forum from their homes.

The court cannot conclude based on the evidence presented that convenience to the Defendants outweighs the Plaintiff's choice of forum, particularly given that Cantelou resides in Tennessee. Section 1404(a) allows transferring to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 645-46 (1964).

The Defendants also argue that witnesses to the loan which is the subject of this suit are located in Georgia or outside of Alabama, but the Defendants do not identify those witnesses or identify whether they are key witnesses. <u>Mason v. SmithKline Beecham Clinical Laboratories</u>, 146 F. Supp. 2d 1355, 1362 (S.D. Fla. 2001) (stating that a party seeking a transfer of venue must demonstrate that the witnesses identified are key witnesses).

The convenience of witnesses is an important factor to consider. <u>See Hutchens</u>, 928 F. Supp. at 1091. The Plaintiff has presented evidence that the companies involved in extending

and closing the loan at issue were located in Alabama, and that collateral property was located here.  The Plaintiff makes the argument that although it is unknown at this point in the litigation which third-party witnesses may be needed in this case, it is more likely, because those persons are employees or former employees of companies in Montgomery, that they will be in Alabama and rather than in Georgia.

The Plaintiff also argues that it may have difficulty compelling third-party witnesses' presences in Georgia, which is also a factor to be considered by this court.  See Mason, 146 F. Supp. 2d at 1361-62.

Of the relevant factors, Defendants have attempted to present evidence only as to the convenience of the Defendants and witnesses.  The evidence presented as to convenience to the Defendants does not weigh heavily in favor of a transfer, given that one of the Defendants lives outside of the suggested venue.  Evidence presented by the Defendants as to the location of third-party witnesses is also of slight weight in light of the equally plausible argument by the Plaintiffs as to the location of such witnesses, based on the location of the transaction at issue. The Plaintiffs also have presented evidence that documents relevant to the transaction may still be located with Advantage Title Company in Montgomery, Alabama.  See Affidavit of Thomas Arriaga.  The court concludes, therefore, that it should defer to the Plaintiff's choice of forum because the Defendants have not met their burden of demonstrating that a transfer would be more convenient and in the interest of justice.

## V.  CONCLUSION

For the reasons stated above, the court concludes that it has diversity jurisdiction, and concludes that even assuming that the Northern District of Georgia is a venue in which this case

might have been brought, the Defendants have not met their burden of demonstrating that the balance of relevant factors supports a transfer of this case to that venue.  Accordingly, it is hereby ORDERED as follows:

    1.  The Motion to Dismiss or, in the Alternative, Motion to Transfer Venue (Doc. #4) is DENIED.

    2.  Plaintiff has until **January 6, 2006** to file an Amendment which cures the jurisdictional defect in the Complaint as discussed above.   Such Amended Complaint is to be complete unto itself, pursuant to M.D. Ala. Local Rule 15.1.

    3. The parties shall bear their own costs incurred in connection with the Motion to Dismiss or, in the Alternative, Motion to Transfer Venue.

Done this 22nd day of December, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE