IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WACHOVIA SMALL BUSINESS CAPITAL,) ) Plaintiff, ) vs. ) ) MONTGOMERY BREAD COMPANY, ) INC., MENDAL A. BOUKNIGHT AND ) MARION D. CANTELOU, ) ) Defendants. ) | CIVIL ACTION NO. 2:05CV866-WHA (WO) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on a Renewed Motion to Transfer Venue or in the Alternative, Motion to Reconsider, filed by Defendants Montgomery Bread Company, Inc.; Mendal A. Bouknight; and Marion D. Cantelou (collectively "the Defendants").

The Plaintiff filed a Complaint in this case on September 8, 2005, and an Amended Complaint on December 28, 2005. The Plaintiff brings claims for breach of contract and breach of guaranty.

The Defendants contend that the court should transfer this case to the Northern District of Georgia in the interests of justice and convenience to the parties and witnesses.

For reasons to be discussed, the Motion is due to be DENIED.

### II. TRANSFER OF VENUE STANDARD

Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interest of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the

court." Hutchens v. Bill Heard Cheverolet Co., 928 F. Supp. 1089, 1090 (M.D. Ala. 1996); see also Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 654 (11th Cir. 1993), cert. denied, 513 U.S. 814 (1994).

### III. FACTS

The facts as alleged in the Amended Complaint which are relevant to the pending motions are as follows:

In 1998, Defendant Montgomery Bread Company, Inc. ("Montgomery Bread") closed on a loan in Montgomery, Alabama. In connection with this transaction, Montgomery Bread executed a promissory note in favor of the Money Store Investment Corporation ("the note"). Montgomery Bread is a Georgia Corporation.

The note was personally guaranteed by Mendal Bouknight ("Bouknight") and Marion Cantelou ("Cantelou"). Bouknight is a citizen of the State of Georgia and Cantelou is a citizen of the State of Tennessee.

Wachovia Small Business Capital ("the Plaintiff") is currently the holder and owner of the note and guarantees. The note is in default.

### IV. DISCUSSION

In evaluating a request for transfer of venue on the basis of convenience, courts generally consider the following factors: the plaintiff's choice of forum, the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the availability of compulsory process for witnesses, the location of relevant documents, the financial ability to bear the cost of the change, and trial efficiency. See Folkes v. Haley, 64 F. Supp. 2d 1152 (M.D.

Ala. 1999); Tampa Bay Storm, Inc. v. Arena Football League, Inc., 932 F. Supp. 281, 282 (M.D. Fla. 1996).

In the Memorandum Opinion and Order ruling on the initial Motion to Transfer, this court assumed that Michael Cantelou's contacts as secretary of a Georgia corporation are sufficient so that jurisdiction may be exercised over him there even though he does not live in the State of Georgia, but found that the balance of convenience factors did not favor transfer. Mem. Op. and Order (Doc. # 11) at pages 7-8 .

In response to this court's Memorandum Opinion and Order, the Defendants have offered to waive any objection by Cantelou on the basis of personal jurisdiction in the proposed transferee court. Such waiver would not be effective, however, see Hoffman v. Blaski, 363 U.S. 335, 342-43(1960), and is unnecessary as this court assumed proper jurisdiction in evaluating the previous motion.

The Defendants have now attempted to do what they could have done, and as moving parties should done, in connection with their initial motion. That is, they have attempted to substantiate that there are key witnesses who reside outside of the forum state and for whom litigation would be more convenient in the proposed transferee court. While they have identified a few witnesses whom they represent would be amenable to service of process in the proposed transferee court, some of those persons reside outside of Georgia. Section 1404(a) allows transferring to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964). The Defendants have not demonstrated why the proposed transferee court would be more convenient, or in the interest of

justice.  Accordingly, the new evidence presented fails to convince the court that it should not defer to the Plaintiff's choice of forum.

## V.  CONCLUSION

For the reasons stated above, the court concludes that, assuming that the Northern District of Georgia is a venue in which this case might have been brought, the Defendants have not met their burden of demonstrating that the balance of relevant factors supports a transfer of this case to that venue.  Accordingly, it is hereby ORDERED as follows:

1.  The Renewed Motion to Transfer Venue or, in the Alternative, Motion to Reconsider (Doc. #13) is DENIED.

2.  The Defendants have until **January 30, 2006,** to file an Answer to the Amended Complaint.

Done this 19th day of January, 2006.

    /s/ W. Harold Albritton
    W. HAROLD ALBRITTON
    SENIOR UNITED STATES DISTRICT JUDGE